José Luis Vilella Suau, Appellant, v. Registrar of Property of Aguadilla, Respondent.

No. 1152. Submitted November 6, 1944.—Decided January 15, 1945.

*Gilberto López de Victoria* for appellant.   The registrar appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

José Luis Vilella Suau presented for record in the Registry of Property of Aguadilla deed No. 36 executed on February 27, 1939, before Notary G. López de Victoria wherein Luis Vilella Vélez and his wife Mercedes Suau stated that in 1933 while José Luis Vilella Suau was unmarried they had sold to him two rural properties situated in Lares. The registrar recorded the document as to the two farms, but it appearing that at the time of the execution of the deed in 1933 the purchaser was married to Francisca Casasnovas, he recorded the same as conjugal property but with the curable defect that it had not been shown that José Luis Vilella Suau

was unmarried when he acquired the properties in 1933. The purchaser agreed to the note and in order to cure the defect he presented the deed again, together with an explanatory deed (*acta declaratoria*) signed by the same persons who executed the deed of sale as well as by Francisca Casasnovas, in which deed certain particulars regarding the area of the properties are set forth, and all the parties stated that José Luis Vilella Suau was unmarried when he bought the properties by a private document in 1933. In order to prove this particular, a certificate regarding the celebration of the marriage with Francisca Casanovas was copied in the explanatory deed. In its pertinent part said certificate reads thus:

"I, . . . . . . , celebrated in Mayagüez at 2 o'clock in the afternoon of March 30, 1936, the marriage contracted freely and by mutual agreement between José Luis Vilella and Francisca Casasnovas (*sic*) before me, the celebration of said act being certified by the witnesses who were present. . ."

The registrar recorded the document as to the other particulars but denied the correction of the defect because in his opinion said certificate was not sufficient to establish that José Luis Vilella Suau was single at the time he acquired the properties and, furthermore, because, in his opinion, the defect in question could only be cured by virtue of a judicial order pursuant to the procedure established by Act No. 106 of May 12, 1937 (Laws of 1936–37, p. 245), whereupon he entered a cautionary notice for 120 days.

██ The marriage certificate copied in the explanatory deed only establishes that José Luis Vilella Suau contracted marriage with Francisca Casasnovas in Mayagüez on March 30, 1936, at 2 o'clock in the afternoon. This certificate does not destroy the possibility that when the contract of sale was executed with his present wife in 1933, he was a widower or divorced. *Martínez v. Registrar*, 62 P.R.R. 832.

██ Nor is it sufficient in order to establish the separate character of the properties that the present wife should thus

state it in the explanatory deed. *Capó* v. *Registrar*, 46 P.R.R. 506; *Isern* v. *Benítez*, 57 P.R.R. 331.

Therefore, we feel bound to reach the conclusion that the first ground set forth by the registrar is correct.

█ However, we do not agree with the registrar in so far as he maintains that the defect noted may only be cured by virtue of a judicial decision pursuant to the proceeding established by Act No. 106 of 1937, which was added to the Mortgage Law as its § 388-D. That Section in its pertinent part reads thus:

"Any natural or artificial person having recorded in his or its name real property or property rights with curable defects stated on the record, as to which no judicial proceeding has been instituted or is pending final judgment, *and which for any reason cannot be corrected, or are difficult of correction, after ten years have elapsed, counting from the date on which the defect was stated,* if it refers to the legal capacity or civil status of the parties to the act or contract the object of record, or at any time after statement of the defect, if it refers to any other circumstance, may file with the district court of the district where the property or part thereof is located, a written petition requesting the cancellation of said defects, describing therein the real property or property rights recorded, and the nature of the defect or defects stated." (Italics ours.)

It is evident that said Section does not exclude the other means which have always been used to cure defects like the one pointed out by the registrar in the present case. It is indispensable to resort to the proceeding established by said Section only in those cases enumerated therein, that is, when for any reason the defect cannot be corrected or is difficult of correction, after ten years have elapsed, counting from the date on which the defect was entered by the registrar. *Olivencia* v. *Registrar*, *ante*, p. 139.

In view of the fact that an explanatory deed is not sufficient to establish the separate character of the properties, the ruling of the registrar must be affirmed on the first ground set forth by him.